UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ENDOEVOLUTION, LLC,

                Plaintiff,

v.

ETHICON ENDO-SURGERY, INC.,

                Defendant.

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ethicon Endo-Surgery, Inc. ("EES") hereby removes the state court civil action, *EndoEvolution, LLC v. Ethicon Endo-Surgery, Inc.*, Civil Action No. 15-cv-2035-D, Essex Superior Court, to the United States District Court for the District of Massachusetts. The Court has jurisdiction over this action, and it is properly removable to this Court because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

In support of this removal, EES states as follows:

1.      Plaintiff commenced this action on December 16, 2015 by filing a Complaint against EES in Essex Superior Court, bearing case number 2015-cv-2035-D. Plaintiff alleged that its Complaint was filed "in aid of mediation and arbitration," and acknowledged that it was proceeding with a demand for mediation concerning the claims asserted in the Complaint.

2.      The thrust of Plaintiff's Complaint is that EES improperly obtained and utilized confidential and proprietary information and trade secrets of Plaintiff to develop a product that would compete with Plaintiff's product. The Complaint asserts claims against EES for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing,

misappropriation of trade secrets, unfair competition, violation of G.L. ch. 93A, and for injunctive relief arising out of the alleged misappropriation by EES of Plaintiff's product technology and confidential and proprietary information, which was allegedly obtained pursuant to the terms of Secrecy Agreement between the parties.

3.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and EES has satisfied the procedural requirements for removal.

### GROUNDS FOR REMOVAL

4.      This action may be removed under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

#### Complete Diversity of Citizenship Exists Between the Parties

5.      Plaintiff is a limited liability company with its principal place of business in Massachusetts, Compl. ¶ 5, and was formed under the laws of the state of Delaware, *see* Division of Corporations, Delaware Sec'y of State Entity Search Results, attached as Exhibit A. Plaintiff admits in the Complaint that it has two members that are citizens of Massachusetts, one member that is a citizen of Florida, and one member that is a citizen of Delaware. *See Cambridge Place Inv. Mgmt, Inc. v Morgan Stanley & Co., Inc.*, 813 F. Supp. 2d 242, 245 (D. Mass. 2011) (citizenship of a limited liability company is determined by the citizenship of all of its members).

6.      EES is, and was at the time Plaintiff commenced the state court action, incorporated in Ohio, with its principal place of business in Cincinnati, Ohio.[1] Therefore, EES is a citizen of the State of Ohio for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

---

[1] Plaintiff's Complaint erroneously asserts that EES is a corporation incorporated in Delaware with its principal place of business in Ohio. Plaintiff's allegations make it appear that the parties lacked complete diversity and this

7. Thus, there is complete diversity between the parties.

### The Amount in Controversy Requirement is Satisfied

8. Plaintiff's damages claim, if made in good faith, controls the amount in controversy for jurisdictional purposes. *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995). Plaintiff's civil action cover sheet, filed with its Complaint in state court, does not specify the amount in controversy but states merely that its monetary damages are "in excess of $25,000" for purposes of meeting the jurisdictional threshold of the Massachusetts Superior Courts. Plaintiff's Complaint also does not specify a damages figure, but sets forth a request for non-monetary, injunctive relief.

9. It is clear from the nature of Plaintiff's allegations, and from its simultaneously served Request for Mediation, that there is more than a "reasonable probability" that the amount in controversy exceeds $75,000. *Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 286 (D. Mass. 2011) (removing defendant has burden of proving that there is a "reasonable probability" that the amount in controversy meets the jurisdictional minimum).

10. On December 16, 2015 – the same day that Plaintiff filed the Complaint in Superior Court in aid of mediation and arbitration – Plaintiff served a Request for Mediation upon EES. On the face of the Request for Mediation, Plaintiff claimed $5 million in damages, as well as equitable relief for the conduct which is the subject of the Complaint. *See* Exhibit B.

11. Plaintiff further alleges in its Complaint that it "has invested tens of millions of dollars in developing" the subject product and product technology which it alleges EES stole to create its own copy-cat product. *See* Complaint, ¶¶ 81-82. Plaintiff states that the unique design of its product "stands to broaden the range of surgical procedures . . . greatly expanding the sales

---

matter could not properly be removed to federal court. However, EES is not incorporated in Delaware but rather Ohio, and complete diversity therefore remains between the parties.

3

potential" of its product.  *Id.*, ¶ 81.  Further, Plaintiff alleges that EES's development of a product allegedly derived from Endo's unique technology "has the potential to destroy" Endo as a going concern.  *Id.*, ¶ 82.

12.     Plaintiff's Complaint includes a G.L. ch. 93A claim, which provides for treble damages and attorneys' fees.  *See* G.L. c. 93A, § 11; Complaint, ¶¶ 95-99.  If a plaintiff alleges a statutory claim that includes a damage multiplier, the court must apply the multiplier when evaluating the amount in controversy.  *See Herbert H. Landy Ins. Agency, Inc. v. Nagivators Mgmt Co., Inc.*, No. 14-12552-FDS, 2014 WL 3908179, at *4 (D. Mass. Aug. 8, 2014) (amount-in-controversy met where damage multipliers under Chapter 93 and Chapter 93A, § 11 brought damages claim above $75,000); *Williams v. Litton Loan Servicing*, C.A. No.10-11866-MLW, 2011 WL 3585528, at *5 (D. Mass. Aug. 15, 2011) (amount in controversy must account for treble damages authorized by Chapter 93A).  Similarly, attorneys' fees must be taken into account if the award of such fees is authorized by statute.  *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001) (where attorneys' fees allowed as damages under Chapter 93A claim, fees must be included in calculation of amount-in-controversy); *Baker v. Equity Residential Mgmt, LLC*, 996 F. Supp. 2d 1, 7-8 (D. Mass. 2014) (same).  The amount-in-controversy requirement for diversity jurisdiction is indisputably satisfied in this case because it is clear, according to Plaintiff's own measure of the value of its claims, that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

**The Other Prerequisites for Removal Have Been Satisfied**

13.     In addition to establishing the requirements for diversity jurisdiction, EES has satisfied all other requirements for removal.

14.     EES was served with the Complaint in this action on December 16, 2015. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b) because less than 30 days have passed since service of the Complaint on EES.

15.     There are no other defendants named in the state court action.

16.     Essex Superior Court is located within the District of Massachusetts.  *See* 28 U.S.C. § 1441(a).

17.     In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon EES in the state court action is attached hereto collectively as <u>Exhibit C</u>.

18.     A copy of this Notice of Removal is being served upon counsel of record for Plaintiff and a copy is being filed with the Clerk of the Essex Superior Court.  *See* 28 U.S.C. § 1446(d).

19.     Pursuant to District of Massachusetts Local Rule 81.1, EES will file certified or attested-to copies of all records and proceedings in the state court and a certified or attested-to copy of all docket entries in the state court within 28 days of filing this Notice of Removal.

WHEREFORE, Defendants respectfully request that this Court retain subject matter jurisdiction of this action under 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted,

ETHICON ENDO-SURGERY, INC.,

By their attorneys,

/s/ Kathryn K. Conde
Kathryn K. Conde (BBO # 634647)
*kconde@nutter.com*
Heather B. Repicky (BBO # 663347)
*hrepicky@nutter.com*
Emily Grannon Fox (BBO # 682267)
*efox@nutter.com*
Nutter McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: January 15, 2016

### CERTIFICATE OF SERVICE

I hereby certify that, on January 15, 2016, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Kathryn K. Conde
Kathryn K. Conde

3014333.