UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENDOEVOLUTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-cv-10070 |
| ) | |
| ETHICON ENDO-SURGERY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S UNOPPOSED MOTION TO CONFIRM
## THE JUNE 27, 2017 ARBITRATION AWARD

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Defendant Ethicon Endo-Surgery, Inc. ("Ethicon") requests that the Court confirm the arbitration award issued on June 27, 2017, by arbitrator Jane Michaels.  The arbitration award is attached as Exhibit 1.  Defendant EndoEvolution, LLC ("EndoEvolution") does not oppose this motion.

In this case, EndoEvolution filed a Complaint in Essex Superior Court in the Commonwealth of Massachusetts, Civil Action No. 15-cv-2035-D, alleging breach of contract, breach of implied covenant of good faith and fair dealing, unfair and deceptive trade practices, fraud, misappropriation of trade secrets, unfair competition, and injunctive relief.  On January 15, 2016, the case was removed to the United States District Court for the District of Massachusetts.

EndoEvolution's claims stemmed from a Secrecy Agreement, dated July 18, 2011, which the parties executed in relation to a potential business transaction relating to endoscopic suturing devices.  Exhibit 2.  The Secrecy Agreement provided that "[a]ny controversy or claim arising out of or relating to this Agreement . . . shall first be submitted to mediation according to the

*Commercial Mediation Procedures* of the American Arbitration Association" and "[a]ny Dispute that cannot be resolved by mediation within 45 days of notice by one party to the other of the existence of a Dispute … shall be resolved by arbitration in accordance with the *Commercial Arbitration Rules* of the AAA…and the Federal Arbitration Act, 9 U.S.C. §1 et seq.." *Id*. at ¶12. Under the Federal Arbitration Act, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court …for an order confirming the award, and thereupon the court must grant such an order …." *See* 9 U.S.C § 9.  Indeed, the Secrecy Agreement provided that "[t]he award of the arbitrator may be entered in any court of competent jurisdiction." Exhibit 2 at ¶12.

Following the requirements of the Secrecy Agreement, on January 22, 2016, Ethicon filed a motion to compel arbitration.  This motion was granted on February 8, 2016, upon which the parties agreed to submit all claims arising out of the Secrecy Agreement to mediation first, and arbitration after, if necessary. Order granting Motion to Compel, D.I. 20 ("The parties agreed that any controversy or claim arising out of or relating to the parties' Secrecy Agreement shall first be submitted to mediation, and if necessary then to arbitration.").  The February 8, 2016 order stayed the District Court proceeding pending the parties' mediation/arbitration of all claims, whereupon EndoEvolution initiated mediation of all seven claims in its complaint.

After an unsuccessful mediation, on April 1, 2016, EndoEvolution filed a demand for arbitration in the American Arbitration Association, attaching its state court complaint allegingbreach of contract, breach of implied covenant of good faith and fair dealing, unfair and deceptive trade practices, fraud, misappropriation of trade secrets, unfair competition, and

injunctive relief. Subsequently, on July 25, 2017, EndoEvolution filed its Statement of Claim in the Arbitration, alleging six counts: breach of contract, breach of implied covenant of good faith and fair dealing, deceptive trade practices, fraud, misappropriation of trade secrets, and injunctive relief. After that, and prior to the arbitration hearing, EndoEvolution dropped its claim for deceptive trade practices. On May 8, 2017, the arbitration hearing on EndoEvolution's claims commenced. On June 27, 2017, the arbitrator ruled in Ethicon's favor on all claims, holding that "Endo[Evolution] did not meet its burden of proving misappropriation of trade secrets, breach of contract, fraud, or breach of the implied covenant of good faith and fair dealing. Accordingly, Endo[Evolution]'s claims for damages and equitable relief [were] denied in their entirety."

For the foregoing reasons, the Court should GRANT Ethicon's motion and confirm the June 27, 2017 arbitration award under 9 U.S.C. §9.

Respectfully submitted,

**ETHICON ENDO-SURGERY, INC.,**
By its attorneys,

/s/ *Steven D. Maslowski*
Steven D. Maslowski
*smaslowski@akingump.com*
Dianne B. Elderkin
*delderkin@akingump.com*
Ruben H. Munoz
*rmunoz@akingump.com*
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
(215) 965-1200

Heather B. Repicky (BBO # 663347)
*hrepicky@nutter.com*
Emily Grannon Fox (BBO # 682267)
*efox@nutter.com*
Nutter McClennen & Fish, LLP

|  |  |
|---|---|
|  | Seaport West |
|  | 155 Seaport Boulevard |
|  | Boston, MA 02210-2604 |
| Dated:  July 26, 2017 | (617) 439-2000 |

## **LOCAL RULE 7.1 CERTIFICATION**

      Pursuant to Local Rule 7.1(A)(2), I certify that defendant's counsel conferred with plaintiff's counsel on the subject of this motion. Plaintiff's counsel has provided their assent to this motion.

                                                      /s/ *Steven D. Maslowski*

**CERTIFICATE OF SERVICE**

      I certify that on July 26, 2017 this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing.

                                        /s/ *Steven D. Maslowski*